J-A20040-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD W. QUEER | : | |
| | : | |
| Appellant | : | No. 1571 WDA 2019 |

Appeal from the PCRA Order Entered September 20, 2019
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0000292-2000

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD W. QUEER | : | |
| | : | |
| Appellant | : | No. 1572 WDA 2019 |

Appeal from the PCRA Order Entered September 20, 2019
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0000294-2000

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD W. QUEER | : | |
| | : | |
| Appellant | : | No. 1573 WDA 2019 |

Appeal from the PCRA Order Entered September 20, 2019
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0000293-2000

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DONALD W. QUEER :
:
Appellant : No. 1574 WDA 2019

Appeal from the PCRA Order Entered September 20, 2019
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0000292-2000

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DONALD W. QUEER :
:
Appellant : No. 1575 WDA 2019

Appeal from the PCRA Order Entered September 20, 2019
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0000294-2000

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DONALD W QUEER :
:
Appellant : No. 1576 WDA 2019

Appeal from the PCRA Order Entered September 20, 2019
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0000293-2000

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED DECEMBER 29, 2020

In these consolidated appeals, Donald W. Queer ("Queer") appeals from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We dismiss the appeals docketed at 1574 WDA 2019, 1575 WDA 2019, and 1576 WDA 2019, and affirm the PCRA court's Order as to the remaining dockets.

In October of 1999, Queer was arrested and charged with arson[2] and related offenses in relation to a series of three building fires that occurred earlier that year.  The first fire occurred at the Piper family's house (the "Piper Fire") in Cook Township, Latrobe, Pennsylvania.  The second fire occurred at the Auto Haven, Inc. (the "Auto Haven Fire"), on State Route 30 in Derry Township, Westmoreland County, Pennsylvania.  The third fire occurred at the Loveridge family's mobile home (the "Loveridge Fire") in Derry Township, Westmoreland County, Pennsylvania.

At Docket No. CP-65-CR-0000292-2000 ("No. 292-2000"), Queer was charged in connection with the Piper Fire.  At Docket No. CP-65-CR-0000293-2000 ("No. 293-2000"), Queer was charged in connection with the Auto Haven Fire.  At Docket No. CP-65-CR-0000294-2000 ("No. 294-2000"), Queer was charged in connection with the Loveridge Fire.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 3301(a)(1)(i), (ii), (c)(2), (d)(1), (d)(2).

This Court previously summarized the relevant procedural history as follows:

> On June 7, 2001, a jury found [Queer] guilty of numerous counts of arson and related offenses. On September 12, 2001, [Queer] was sentenced to an aggregate term of no less than 29 and 1/3 nor more than 58 and 2/3 years[ in prison. Queer]'s post-sentence [M]otions were denied on January 14, 2002, and no direct appeal was filed. On July 2, 2002, [Queer] filed his first PCRA [P]etition, which was denied on February 24, 2003. This Court affirmed that [O]rder on April 7, 2004. On August 13, 2004, [Queer] filed his second PCRA [P]etition. The PCRA court dismissed []his second [P]etition as untimely [and Queer] did not appeal[.] On April 11, 2005, [Queer] filed his third PCRA [P]etition in which he requested, for the first time, reinstatement of his direct appeal rights. The PCRA court reinstated [Queer]'s direct appeal rights on August 3, 2005. This Court quashed [Queer]'s appeal nunc pro tunc from the judgment of sentence on May 17, 2006, holding that the PCRA court did not have jurisdiction to order the reinstatement of direct appeal rights. Our Supreme Court denied [Queer]'s [P]etition for allowance of appeal on September 29, 2006.
>
> [Queer] filed [his] fourth PCRA [P]etition[] on November 8, 2006. The PCRA court dismissed the [P]etition[, and this Court affirmed]. Thereafter, [Queer] turned to the United States District Court for the Western District of Pennsylvania for relief, [where he] file[d] a [P]etition for [W]rit of [H]abeas [C]orpus[.] Ultimately, the federal court granted relief, [and] order[ed] the District Attorney of Westmoreland County to petition the appropriate court to reinstate [Queer]'s direct appeal rights.

Commonwealth v. Queer, 125 A.3d 446 (Pa. Super. 2015) (unpublished memorandum at 2-3). Upon the reinstatement of Queer's direct appeal rights, Queer filed a direct appeal and this Court affirmed his judgment of sentence. See id.

On September 15, 2015, Queer, pro se, filed the instant PCRA Petition, his fifth.[3, 4]  In his Petition, Queer raised 22 claims alleging that his trial counsel rendered ineffective assistance of counsel for his failures to file a suppression motion, conduct pre-trial investigation, effectively cross-examine Commonwealth witnesses, challenge the legality of Queer's arrest, request various jury instructions, be familiar with the cases and be prepared for trial, to object to various "inadmissible" statements, and object to prosecutorial misconduct.  Additionally, Queer claimed that he was entitled to a new trial because documentation would prove that he did not purchase the Subaru from Auto Haven, Inc., and, thus, that Queer had no motive for starting the Auto Haven Fire.[5]  Queer further claimed that he was entitled to a new trial based upon cumulative error.

On January 29, 2019, the PCRA court conducted an evidentiary hearing. At the conclusion of the hearing, the PCRA court ordered supplemental briefs

_____

[3] We note that the docket refers to Queer's PCRA Petition as a pro se Post Sentence Motion; however, the filing is titled "Post Conviction Relief Act Petition," and the PCRA court treated the filing as a PCRA Petition.

[4] After multiple postponements and changing of counsel, Queer filed a counseled PCRA Petition, which he ultimately withdrew after a hearing, and proceeded, with standby counsel, on his initially-filed pro se PCRA Petition.

[5] At trial, the Commonwealth's theory of Queer's motive for the Auto Haven Fire was based upon testimony that Queer was unhappy with Auto Haven, Inc. for selling a white Subaru that did not work properly.  See N.T. (Jury Trial Transcript), 5/29/01, at 604-06, 716-17, 1253.

on the issues, and both parties complied. On September 20, 2019, the PCRA court issued its Order and Opinion denying Queer's Petition.[6]

On September 30, 2019, Queer filed a timely Notice of Appeal that included all three of his trial court docket numbers. Queer's Notice of Appeal was docketed at 1488 WDA 2019. Subsequently, on October 14, 2019, Queer filed an additional six timely Notices of Appeal, two Notices of Appeal per docket number. At No. 292-2000, this Court docketed Queer's two October 14, 2019, Notices of Appeal as 1571 WDA 2019 and 1574 WDA 2019. At No. 293-2000, this Court docketed Queer's two October 14, 2019, Notices of Appeal as 1573 WDA 2019 and 1576 WDA 2019. At No. 294-2000, this Court docketed Queer's two October 14, 2019, Notices of Appeal as 1572 WDA 2019 and 1575 WDA 2019.

On October 22, 2019, this Court issued a Rule to Show Cause why Queer's appeal at 1488 WDA 2019 should not be quashed pursuant to Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018).[7]

On October 30, 2019, Queer filed a Response and conceded that his appeal docketed at 1488 WDA 2019 was defective in light of Walker, and that

_____

[6] We note that the PCRA court's Order and Opinion is dated September 19, 2019; however, the Order and Opinion was docketed on September 20, 2019.

[7] In Walker, our Supreme Court stated that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed [and t]he failure to do so will result in quashal of the appeal." Walker, 185 A.3d at 977 (citing Pa.R.A.P. 341).

he had filed the above-captioned appeals in an attempt to correct that defect. Further, Queer asserted that the above-captioned appeals were timely filed before the 30-day appeal deadline.

On November 6, 2019, this Court, sua sponte, consolidated Queer's appeal docketed at 1488 WDA 2019 with the above-captioned appeals. In the same Order, this Court issued a Rule to Show Cause as to why the above-captioned appeals should not be dismissed as duplicative of his appeal at 1488 WDA 2019.

On December 4, 2019, this Court, sua sponte, quashed Queer's appeal at 1488 WDA 2019 for failure to comply with the mandates of Walker and Pa.R.A.P. 341(a). In the same Order, this Court unconsolidated 1488 WDA 2019 from the above-captioned appeals. Additionally, this Court directed that the above-captioned appeals remain consolidated and be referred to the merits panel.

Queer now presents the following claims for our review:

1. Whether [Queer] is entitled to a new trial[,] as he is presenting a claim of after discovered exculpatory evidence that would have changed the outcome of this case had it been available at trial?

2. Whether [Queer] is entitled to a new trial[,] as his trial counsel rendered ineffective assistance of counsel that so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place?

Brief for Appellant at 4.

At the outset, we address the procedural posture of these duplicative appeals. First, Queer failed to comply with the dictates of Walker in his

- 7 -

appeal at 1488 WDA 2019, and, consequently, this Court quashed that appeal. Additionally, on October 14, 2019, Queer filed the above-captioned appeals in an attempt to correct the Walker defect at 1488 WDA 2019. Because Queer has improperly filed two Notices of Appeal at each docket number, we dismiss Queer's appeals at 1574 WDA 2019, 1575 WDA 2019, and 1576 WDA 2019 as duplicative.[8] See Neidert v. Charlie, 143 A.3d 384, 387 n.3 (Pa. Super. 2016) (stating that this Court may summarily dismiss duplicative appeals).

We now turn to the claims raised by Queer in his remaining appeals docketed at 1571 WDA 2019, 1572 WDA 2019, and 1573 WDA 2019. Initially, we observe that Queer has raised two claims in the Statement of Questions Involved section of his appellate brief; however, Queer raises 19 separate claims in the summary of argument section of his appellate brief. See Brief for Appellant at 7-8.

The 19 claims in the summary of argument section of his brief are as follows:

> 1. Trial [c]ounsel was ineffective by failing to investigate[] the motive [Queer] allegedly had for wanting [the Piper Fire] set.
>
> 2. Trial counsel was ineffective by failing to object to [the] Comm[onwealth's] introduction of alternative hearsay motive.

_____

[8] We observe that Queer has filed identical briefs at each of the above-captioned appeals and, thus, Queer has not been prejudiced by this Court's dismissal of his appeals at 1574 WDA 2019, 1575 WDA 2019, and 1576 WDA 2019.

3. Trial counsel was ineffective by failing to file [a] pre-trial suppression motion to challenge [the] legality of [Queer's] arrest warrants.

4. Trial counsel was ineffective by failing to cross[-]examine Comm[onwealth] witness [Connie] Knauer [("Knauer")] who falsely place[d Queer] at th[e] crime scene.

5. Trial counsel [was] ineffective by failing to request the court [to] give [the] jury a no adverse inference and an alibi instruction.

6. Trial counsel was ineffective by failing to request court [sic] give the jury a [g]uilt [b]y [a]ssociation [c]harge.

7. Trial counsel [was] ineffective by failing to properly [and] adequately cross[-]examine Comm[onwealth] witness Don Phillips as to who helped him [sic] set th[e Piper Fire] and other issues dealing with his credibility.

* * *

8. Trial counsel [was] ineffective by failing to object to prosecut[orial] misconduct during his closing arguments.

9. [Queer is] entitled to a new trial as [Queer] is presenting a claim of [a]fter[-d]iscovered [e]xculpatory [e]vidence.

10. Trial counsel [was] ineffective two[-]fold by failing to have Comm[onwealth] witness [John] Regelman [("Regelman")] provide testimony that [co-defendant David] Ferguson [("Ferguson")] made a confession to [Regelman] that indicates [Queer was] not responsible for th[e Auto Haven Fire].

11. Trial counsel [was] ineffective by failing to object to inadmissible hearsay testimony offered for the truth.

12. Trial counsel [was] ineffective by arguing facts in his closing without first having a witness testify to th[ose] fact[s].

13. Trial counsel [was] ineffective by failing to cross[-]examine [Knauer] on different motives [Queer] allegedly had.

* * *

14. Trial counsel [was] ineffective by failing to file [a] suppression motion to challenge [the] legality of [Queer's] arrest.

15. Trial counsel [was] ineffective by failing to have [Regelman] provide testimony that Ferguson had a friend help [Ferguson] set th[e Loveridge Fire], and counsel [was] also ineffective by failing to cross[-]examine [Knauer] as to who the friend was and why she[ was] covering up for him.

16. Trial counsel [was] ineffective by arguing facts in his closing and not having Comm[onwealth] witness Shawn Sprock [("Sprock")] first testify to those facts.

17. Trial counsel [was] ineffective by arguing facts in closing arguments without first having the fire victim testify to those facts.

18. Trial counsel [was] ineffective by failing to object to the motive charge the court gave the jury.

19. Trial counsel[']s cumulative errors resulted in [Queer] being denied a fair trial and resulted in the conviction of an innocent person.

Id.

As this Court has explained,

[o]ur standard of review of an order [dismissing a] PCRA [petition] is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Commonwealth v. Phillips, 31 A.3d 317, 319 (Pa. Super. 2011) (internal citations omitted).

In his first claim, Queer contends that he is entitled to a new trial based on after-discovered evidence showing that his father, Edward Jackson ("Jackson"), not Queer, purchased the white Subaru from Auto Haven, Inc.

- 10 -

Brief for Appellant at 35. Specifically, Queer claims that the Proof of Insurance and the Temporary Owner's Card show that Jackson purchased the Subaru from Auto Haven, Inc. on May 5, 1998. Id. Queer argues that these documents could not have been obtained by the exercise of reasonable diligence, because Jackson had misplaced the documents. Id. Queer concedes that he, Jackson, and Donald Clark ("Clark") all testified at trial that Jackson had purchased the Subaru from Auto Haven, Inc. Id. at 36-37. However, Queer asserts that these documents are not cumulative because there was conflicting testimony about whether Queer or Jackson owned the Subaru. Id. at 35-36. Further, Queer claims that these documents would establish that Queer had no motive for burning down Auto Haven, Inc., because the car was not his. Id. at 36-38.

To be entitled to relief under the PCRA for an after-discovered evidence claim, a PCRA petitioner "must plead and prove by a preponderance of the evidence [that] '[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.'" Commonwealth v. Foreman, 55 A.3d 532, 537 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9543(a)(2)(vi)).

> To obtain relief based on after-discovered evidence, [an] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

Commonwealth v. Pagan, 950 A.2d 270, 292 (Pa. 2008) (citations omitted). "As this test is conjunctive, failure to establish one prong obviates the need to analyze the remaining ones." Commonwealth v. Solano, 129 A.3d 1156, 1180 (Pa. 2015) (citation omitted). The after-discovered evidence must be producible and admissible. See Commonwealth v. Small, 189 A.3d 961, 972 (Pa. 2018). Further, when reviewing the decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court is to determine whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case. Commonwealth v. Reese, 663 A.2d 206, 209 (Pa. Super. 1995).

Additionally, after-discovered evidence is "merely corroborative or cumulative ... if it is of the same character and to the same material point as evidence already adduced at trial." Small, 189 A.3d at 974. Notwithstanding, after-discovered evidence supports the grant of a new trial when it "is of a different and 'higher' grade or character, though upon the same point, or of the same grade or character on a different point[.]" Id.

Instantly, the Commonwealth presented the testimony of Knauer and Sprock, both of whom testified that Queer paid for the Auto Haven Fire to be set. N.T. (Jury Trial Transcript), 5/29/01, at 604-05, 716. Additionally, Knauer and Sprock testified that Queer was upset with Auto Haven, Inc. because the Subaru was not working properly. Id. Queer presented testimony from himself, Jackson, and Clark, each of whom testified that

Jackson had purchased the Subaru from Auto Haven, Inc. Id. at 967, 1066, 1075-76. Additionally, Queer and Jackson both testified that Jackson had purchased the Subaru as a graduation present for his grandson, Clark. Id. at 948.

In its Order and Opinion, the PCRA court concluded that Queer had failed to demonstrate that the Temporary Owner's Card and Proof of Insurance were not merely cumulative of the evidence produced at trial. See PCRA Court Order and Opinion, 9/19/19, at 5. Our review of the record confirms the PCRA court's determination that the Temporary Owner's Card and Proof of Insurance were merely cumulative of the evidence presented at trial. See N.T. (Jury Trial Transcript), 5/29/01, at 967, 1066, 1075-76 (wherein Queer, Jackson, and Clark testified that Jackson, not Queer, had purchased the Subaru); see also Solano, supra; Phillips, supra.

Additionally, we observe that the record is devoid of any reference to Queer purchasing the Subaru, and the testimony that Jackson purchased the Subaru was entirely uncontested.[9] Moreover, the record reveals that the

_____

[9] We note that Queer highlights specific portions of the Notes of Testimony, where he claims that the Commonwealth presented evidence that Queer had purchased the Subaru. However, our review of those portions of the record reveals no support for Queer's contention. See N.T. (Jury Trial Transcript), 5/29/01, at 29-30 (wherein the District Attorney, outside the presence of the jury, stated that Sprock may testify that Queer was in possession of the Subaru); see also id. at 514-15 (wherein Queer's trial counsel objected to testimony about who owned the Subaru, and the trial court sustained the objection); id. at 604-05, 716 (wherein Sprock and Knauer testified that Queer had paid for the Auto Haven Fire to be set).

Commonwealth's theory as to Queer's motive was not whether Jackson or Queer had purchased the Subaru, but whether Queer was upset about Auto Haven, Inc., selling a defunct vehicle to his family. See N.T. (Jury Trial Transcript), 5/29/01, at 604-06, 716-17, 1253. Accordingly, we cannot grant Queer relief on this claim.

In his next 17 claims, Queer challenges the effectiveness of his trial counsel. Generally, counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [the] appellant." Commonwealth v. Rivera, 10 A.3d 1276, 1279 (Pa. Super. 2010). To prevail on a claim of ineffective assistance of counsel, an appellant must establish the following three factors: "[F]irst [that] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [a]ppellant was prejudiced." Commonwealth v. Charleston, 94 A.3d 1012, 1020 (Pa. Super. 2014) (citation omitted). "Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim." Commonwealth v. Holt, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations and quotation marks omitted).

We note at the outset that Queer did not raise his fifth claim, pertaining to trial counsel's ineffectiveness for failure to request no adverse inference and alibi instructions, in his Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. Further, the PCRA court did not address this claim in its Opinion. We, therefore, deem that claim to be waived. See

Commonwealth v. Pantalion, 857 A.2d 1267, 1270 n.6 (Pa. Super. 2008) (stating that failure to include an issue in a Rule 1925(b) statement waives that issue for the purposes of appellate review).

Regarding Queer's remaining ineffectiveness claims, we note that Queer failed to set forth these claims in his Statement of Questions Involved, as is required by Pa.R.A.P. 2116(a). See Commonwealth v. Ivy, 146 A.3d 241, 254 (Pa. Super. 2016) (stating that failure to raise an issue in the statement of questions involved waives the issue on appeal) (citing Pa.R.A.P. 2116(a)). Thus, we could deem these claims waived. Nevertheless, we have reviewed these claims and agree with the PCRA court that they lack merit. See PCRA Court Opinion and Order, 9/19/19, at 1-9; see also Holt, supra.

In his final claim, Queer contends that he is entitled to a new trial based on the cumulative errors by trial counsel, because all of his issues have arguable merit. Brief for Appellant at 56. Queer claims that the "numerous errors by trial counsel" prejudiced him, because they resulted in the jury being unable to "render a true verdict." Id. Queers argues that the Commonwealth's evidence at trial was not overwhelming and that the trial counsel errors he outlined constitute cumulative error. Id.

Queer failed to raise this claim in his Statement of Questions Involved and, consequently, it is waived. See Ivy, supra. Even if Queer had not waived this claim, he would not be entitled to relief because all of his prior claims lack merit and, consequently, Queer cannot show that he suffered

- 15 -

cumulative prejudice from those claims. See Commonwealth v. Bryant, 855 A.2d 726, 751 (Pa. 2004) (stating that "[n]o number of failed claims may collectively attain merit if they could not do so individually" (brackets and citation omitted)).

Based upon the foregoing, we dismiss Queer's appeals docketed at 1574 WDA 2019, 1575 WDA 2019, and 1576 WDA 2019 as duplicative, and we affirm the PCRA court's Order at the remaining docket numbers.

Appeals at Docket Numbers 1574 WDA 2019, 1575 WDA 2019, and 1576 WDA 2019 dismissed. PCRA court Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2020